**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**BOSTON MICROMACHINES CORPORATION AND SYED ASAD RAZA,**

**Plaintiffs,**

**v.**

**MARCO RUBIO, Secretary of State, U.S. Department of State, in his official capacity, as well as his successors and assigns,**

**and**

**TODD BLANCHE, Acting Attorney General of the United States, in his official capacity as well as his successors and assigns,**

**and**

**MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, in his official capacity as well as his successors and assigns,**

**and**

**BROCK DAHL, Legal Adviser, U.S. Department of State, in his official capacity, as well as his successors and assigns,**

**and**

**NATALIE A. BAKER, U.S. Charge d'Affaires to the Islamic Republic of Pakistan, U.S. Department of State, in her official capacity, as well as her successors and assigns,**

**Defendants.**

**COMPLAINT FOR ADMINISTRATIVE PROCEDURE ACT RELIEF OR FOR A WRIT OF MANDAMUS**

**CASE NO.**

**AGENCY CASE NUMBERS: IOE-81-993-56085; AA00CZH1DF**

**REQUEST FOR ORAL ARGUMENT**

## COMPLAINT FOR ADMINISTRATIVE PROCEDURE ACT RELIEF OR FOR A WRIT OF MANDAMUS

Plaintiff-employer, Boston Micromachines Corporation, and Plaintiff-employee, Syed Asad Raza, through their undersigned counsel, allege as follows:

### I. INTRODUCTION

1. This civil action seeks to compel unreasonably delayed government action on the adjudication of a DS-160 H-1B nonimmigrant visa application filed by Plaintiff-employee, Syed Asad Raza. Plaintiff-employee's visa application has remained pending with Defendants at the U.S. Embassy in Islamabad, Pakistan, **for over sixteen (16) months**. *See* DS-160 Confirmation, Interview Waiver Confirmation Letter, and 221(g) Notice Email, copies of which are attached as Exhibits A, B, and C.

2. Plaintiff-employer, Boston Micromachines Corporation, filed a Form I-129 Petition for Nonimmigrant Worker ("H-1B petition") on his behalf on June 29, 2023. This H-1B petition was assigned USCIS receipt number IOE-81-993-56085, and it was approved by the U.S. Citizenship and Immigration Services on July 12, 2023. *See* USCIS I-797A Notice of Action, Exhibit D.

3. Plaintiff-employee travelled to his home country of Pakistan, arriving on March 1, 2024, to apply for his H-1B visa.

4. On February 20, 2024, Plaintiff-employee filed his Form DS-160 application and submitted his passport via the local U.S. Embassy drop box on February 21, 2024. *See* Ex. A & B.

5. On March 22, 2024, Plaintiff-employee received a 221(g)-email noting that additional time was required to adjudicate his H-1B visa application. *See* Exhibit C.

6. Plaintiff-employee has been in Pakistan and the United Kingdom since March 1, 2024, and

had to leave behind the life that he built in the United States. He is in danger of losing his job and his H-1B sponsorship in the U.S.

7. U.S. immigration law allows employers to sponsor their professional foreign national employees for temporary work and residency in the U.S.

8. Part of the established U.S. immigration procedure required Plaintiff's employer to file a Form I-129 Petition for A Nonimmigrant Worker with the U.S. Citizenship and Immigration Services ("USCIS").

9. As noted above, Plaintiff-employer properly filed its I-129 H-1B Petition with USCIS and it was approved on July 12, 2023. *See* Exhibit D.

10. Despite submitting all documentation necessary for his H-1B visa application and interview waiver, Plaintiff-employee has not received any substantive notification regarding his delayed DS-160 visa application for the last sixteen (16) months. *See* Exhibits A-C.

11. When Congress enacted the Immigration Services and Infrastructure Improvements Act of 2000, it indicated that nonimmigrant benefit and visa applications filed under the Immigration and Nationality Act ("INA") (which include I-129 H-1B petitions and H-1B and H4 DS-160 applications) "should be processed not later than 30 days after the filing of the petition." 8 U.S.C. §1571(b).

12. The Administrative Procedure Act ("APA") requires that administrative agencies conclude matters presented to them "within a reasonable time." 5 U.S.C. §555(b).

13. This action seeks injunctive and mandamus relief to compel Defendant Department of State and Defendant U.S. Embassy to complete their adjudication of Plaintiff-employee's DS-160 H-1B visa application.

14. The APA provides that a person adversely affected by agency action is entitled to judicial review. *See* 5 U.S.C. §702. A reviewing court "shall compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. §706(1).

15. Plaintiff-employee has made inquiries with the Department of State and Defendant U.S. Embassy regarding the reason for the delay in his DS-160 H-1B visa application, without success. Plaintiff-employee has not been advised of any deficiency in his DS-160 visa application.

16. Plaintiffs seek an order from this Honorable Court directing Defendants to complete all necessary steps to complete the adjudication of Plaintiff-employee's DS-160 H-1B visa application within twenty-one (21) days from an Order of this Court.

17. Plaintiff-employee is entitled to his attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 5 U.S.C. §504 and 28 U.S.C. §2412(d), *et seq*.

## II. JURISDICTION

18. This Honorable Court has subject matter jurisdiction over the claims alleged in this action under: (1) 28 U.S.C. §1331 (federal question jurisdiction), because Plaintiffs' claims arise under the laws of the United States, including 5 U.S.C. §§555 and 701, *et seq*. ("APA"), 8 U.S.C. §1101 *et seq*. ("INA") (including 8 U.S.C. §1182). This court may grant relief in this action under 5 U.S.C. §§553, *et seq*. and §§701 *et seq*.; and 28 U.S.C. §§2201, *et seq*. (Declaratory Judgment Act).

19. This Honorable Court is not deprived of jurisdiction by 8 U.S.C. §1252, INA §242. *See*, e.g., *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) (finding that INA §242 does not bar a claim challenging agency authority that does not implicate discretion). Generally, a narrower construction of jurisdiction-stripping provision is favored over the broader one,

as reflected by the "familiar principle of statutory construction: the presumption favoring judicial review of administrative action." *Kucana v. Holder*, 130 U.S. 827, 839 (2010). Absent "clear and convincing evidence" of congressional intent specifically to eliminate review of certain administrative actions, the above-cited principles of statutory construction support a narrow reading of the jurisdiction-stripping language of 8 U.S.C. §1252(a)(2)(B)(ii). *Id.*, at 839. *See also*, *Geneme v. Holder*, 935 F.Supp.2d 184, 192 (D.D.C. 2013) (discussing *Kucana's* citation to a presumption favoring judicial review of administrative action when statute does not specify discretion.)

20. 8 U.S.C. §1252(a)(5), INA §242(a)(5), provides that "a petition for review filed with an appropriate court of appeals in accordance with this section, shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act[.]" As the present action is not an action to review a removal order but an action challenging an unreasonably long delay in the adjudication of a DS-160 H-1B visa application, this Honorable Court retains original jurisdiction under the APA and 28 U.S.C. §1331, as well as for declaratory relief under 28 U.S.C. §2201.

## III. VENUE

21. Venue is properly with this Court, pursuant to 28 U.S.C. § 1391(e)(1)(C), because Plaintiff-employer is located in Cambridge, Massachusetts, in the District of Massachusetts, and no real property is involved in this matter.

## IV. PARTIES

22. Plaintiff-employer, Boston Micromachines Corporation, is located at 30 Spinelli Place, Suite 103, Cambridge, MA 02138.

23. Plaintiff-employee, Syed Asad Raza, is an adult individual who previously maintained a

residence in the District of Massachusetts and who will return to his prior H-1B employment at 30 Spinelli Place, Suite 103, Cambridge, MA 02138.

24. Marco Rubio is the Secretary of State and this action is brought against him in his official capacity only, as well as his successors and assigns. He is charged with overseeing the DOS, which includes U.S. Embassy and U.S. Consulate operations worldwide. He is further authorized to delegate certain powers and authority to subordinate employees of DOS. DOS is headquartered at 2201 C Street, N.W., Washington, DC 20520.

25. Todd Blanche is the Acting Attorney General of the United States and this action is brought against him in his official capacity only, as well as his successors and assigns. He is charged with certain functions involved in the implementation of the INA (including the completion of federally-required background checks), and is further authorized to delegate such powers and authority to subordinate employees of the FBI, which is an agency within the U.S. Department of Justice. The DOJ is headquartered at 950 Pennsylvania Avenue, N.W., Washington, DC 20530.

26. Markwayne Mullin is the Secretary of the DHS and this action is brought against him in his official capacity only, as well as his successors and assigns. He is charged with overseeing DHS, which includes sub-agency USCIS, and with implementing the INA. He is further authorized to delegate certain powers and authority to subordinate employees of the USCIS, located within DHS. DHS is headquartered at 245 Murray Lane, S.W., Washington, DC 20598.

27. Brock Dahl is the Legal Adviser within the DOS and this action is brought against him in his official capacity only, as well as his successors and assigns. He is charged with providing advice to the DOS on all legal issues, domestic and international, which arise in

the course of DOS operations. He is authorized to delegate certain powers and authority to subordinate employees of DOS. DOS is headquartered at 2201 C Street, N.W., Washington, DC 20520.

28. Natalie A. Baker is the Charge d'Affaires to the Islamic Republic of Pakistan and this action is brought against her in her official capacity only, as well as her successors and assigns. She is the highest-ranking executive branch employee in Pakistan and is responsible for the operations of the U.S. Embassy in Islamabad, Pakistan.

## V. STATEMENT OF FACTS

### A. Process to Become a Lawful Non-Immigrant Worker

29. An alien residing outside of the U.S. must complete a multi-step process to become a lawful nonimmigrant worker based on a sponsorship by a U.S. employer.

30. First, a sponsoring U.S. employer files an I-129 Petition for Nonimmigrant Worker with USCIS requesting approval on behalf of a named alien beneficiary. *See* INA §101(a)(15)(H), 8 USC §1101(a)(15)(H), 8 CFR §§204.2(a). An approved I-129 petition is a prerequisite to the approval of an H-1B nonimmigrant visa application. *See* 9 FAM 402.10-7(C)-(F), available at https://fam.state.gov/FAM/09FAM/09FAM040210.html (last visited on 7/21/2026).

31. H-1B nonimmigrant visa applicants are required to personally appear before a U.S. Consular Officer who must decide to approve or deny the application, or to request additional information. *See* 9 FAM 403.5, NIV Interview by Consular Officer, available at https://fam.state.gov/FAM/09FAM/09FAM040305.html (last visited on 7/31/2026).

32. If a U.S. Consular Officer denies an immigrant visa application, he or she "must inform the applicant of the provisions of law on which the refusal is based…" *See* 9 FAM 403.7-

3(A), available at https://fam.state.gov/FAM/09FAM/09FAM040307.html (same).

### B. Case History

33. Plaintiff-employer, Boston Micromachines Corporation, filed a Form I-129 Petition for Nonimmigrant Worker ("H-1B petition") on Plaintiff-employee's behalf on June 29, 2023. This H-1B petition was assigned USCIS receipt number IOE-81-993-56085, and it was approved by the U.S. Citizenship and Immigration Services on July 12, 2023. *See* Ex. D.

34. Plaintiff-employee travelled to his home country of Pakistan arriving on March 1, 2023 to apply for his H-1B visa.

35. Plaintiff-employee filed his DS-160 H-1B visa application and dropped off his passport and all required papers at the U.S. Embassy drop box on February 20 and 21, 2024. *See* Exhibits A-B.

36. On March 22, 2024, Plaintiff-employee received an email from Defendant U.S. Embassy noting that under Section 221(g), his DS-160 H-1B visa application required additional time for adjudication. *See* Exhibit C.

37. For the following sixteen (16) months, Plaintiff-employee has received no updates on his H-1B visa application.

38. Plaintiff-employee has been in Pakistan and the United Kingdom since early 2023, and had to leave behind the life that he built in the United States.

39. Due to extreme delay, Plaintiff-employee's DS-160 H-1B nonimmigrant visa application is still pending with Defendant U.S. Embassy in Islamabad, Pakistan. *See* Exhibits A-D.

40. Plaintiff-employee has completed all steps required regarding his H-1B visa application, including submitting all documentation requested by the U.S. Consular Officer. *See* Exhibits A-D.

41. Congress set the period of **30 days** as the normative expectation for the government to complete the processing of nonimmigrant visa and benefit applications (which include I-129 petitions and DS-160 nonimmigrant visa applications) when it enacted the Immigration Services and Infrastructure Improvements Act of 2000. Congress indicated that adjudication of such visa applications "should be processed not later than 30 days after the filing of the petition." *See* 8 U.S.C. §1571(b).

### C. Exhaustion of Administrative Remedies

42. Plaintiff-employee has contacted Defendants regarding the delay in the adjudication of his DS-160 H-1B visa application.

43. There are no further administrative remedies available to Plaintiffs to redress their grievances described herein.

## VI. CLAIMS FOR RELIEF

### Count I

### (Violation by the State Department of 5 U.S.C. §555(b))

44. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

45. Pursuant to the APA, a person adversely affected by agency action in entitled to judicial review. *See* 5 U.S.C. §702. Agency action includes a failure to act. *See* 5 U.S.C. §551(13).

46. The APA requires agencies to conclude matters presented to them “within a reasonable time.” 5 U.S.C. §555(b).

47. A court may “compel agency action unlawfully withheld or unreasonably delayed.” 5 U.S.C. §706(1).

48. Under the APA, Defendant Department of State and Defendant Embassy have a mandatory,

non-discretionary duty to complete the adjudication of Plaintiff-employee's DS-160 H-1B visa application, and to do so within a reasonable time.

49. Under the INA and Department of State regulations, Defendant Embassy has a mandatory, non-discretionary duty to adjudicate Plaintiff-employee's DS-160 H-1B visa application. *See* INA §221, 8 C.F.R. §1201, and 9 FAM 403.7-3 (requiring a decision to issue or refuse each visa application submitted), which is available at https://fam.state.gov/FAM/09FAM/09FAM040307.html (last visited on 7/31/2026).

50. Plaintiffs challenge only the reasonableness of Defendants' delays or inaction in the adjudication of Plaintiff-employee's DS-160 H-1B visa application, not the grant or denial of this filing.

51. The INA indicates that a reasonable time period for Defendant Embassy to adjudicate applications for H-1B nonimmigration benefits (which include I-129 petitions and H-1B DS-160 visa applications) is within 30 days of filing. *See* 8 U.S.C. §1571(b) (it is the sense of Congress that the processing of a nonimmigrant visa or benefit petition, should be completed not later than **30 days** after the initial filing of the petitions). *Id.*

52. Plaintiff-employee has submitted all requested paperwork and documentation for his DS-160 H-1B nonimmigrant visa application and it has been ready for adjudication at the U.S. Embassy in Islamabad, Pakistan for more than **860** days. *See* Exhibits A, B, & D-G.

53. Defendants' delays in the adjudication of Plaintiff-employee's DS-160 nonimmigrant visa application of over **860 days**, is unreasonable and in violation of the APA. *See* Ex. A-D, and E, TimeAndDate.com Calculation.

54. Plaintiffs have exhausted their administrative remedies.

55. Defendants' unreasonable and unlawful delays in adjudication of Plaintiff-employee's DS-

160 H-1B nonimmigrant visa application have caused, and are causing, Plaintiffs ongoing and substantial injuries economically, professionally, personally, financially, medically, and emotionally.

**Count II**

**(Mandamus Action to Compel Officers of the State Department to Perform their Duty)**

56. Plaintiffs assert claims for mandamus relief under 28 U.S.C. §1361, which provides the authority to compel an agency to perform a duty owed to them.

57. Defendant Department of State, through its sub-unit Defendant Embassy, has a mandatory, non-discretionary duty to adjudicate Plaintiff-employee's DS-160 H-1B nonimmigrant visa application. *See* INA §221, 8 C.F.R. §1201, and 9 FAM 403.7-3 (requiring a decision to issue or refuse each visa application submitted), *supra*.

58. Defendant Department of State and Defendant Embassy have a mandatory, ministerial, non-discretionary duty to complete the adjudication of Plaintiff-employee's DS-160 H-1B nonimmigrant visa application within a reasonable time.

59. Plaintiffs challenge only the reasonableness of Defendants' delays or inaction in the adjudication of Plaintiff-employee's DS-160 H-1B visa application, not the grant or denial of this filing.

60. The INA indicates that a reasonable time period for Defendant Department of State and Defendant Embassy to adjudicate petitions and applications for immigration benefits such as DS-160 nonimmigrant visa applications is within **30 days** of initial filing. *See* 8 U.S.C. §1571(b) (it is the sense of Congress that the processing of a nonimmigrant benefit petition, which includes H-1B DS-160 applications, should be completed not later than 180 days after the initial filing of the petition).

61. Plaintiff-employee's DS-160 application has been ready for adjudication since March 22, 2024. *See* Exhibit D.

62. Against these standards, Defendants have failed to adjudicate Plaintiff-employee's DS-160 H-1B visa application within a reasonable period of time, considering that **more than 860** days have passed since his nonimmigrant visa application was reviewed at the U.S. Embassy in Islamabad, Pakistan, and submission of all requested documents. *See* Ex. A-E.

63. Plaintiffs have no other adequate remedy to compel the Defendants to perform their duties, since Plaintiff-employee has contacted them without results or indication of when adjudication of his DS-160 nonimmigrant visa application might be completed.

64. Plaintiffs ask the Court to compel Defendants to perform their duties and complete the background checks for, and adjudication of, Plaintiff-employee's DS-160 H-1B nonimmigrant visa application.

65. Defendants' unreasonable and unlawful delays in adjudication of Plaintiff-employee's DS-160 H-1B nonimmigrant visa application have caused, and are causing, Plaintiffs ongoing and substantial injuries economically, professionally, personally, financially, medically, and emotionally.

## VII. INJURIES TO PLAINTIFFS

66. The Defendants' unreasonable delays in completing the adjudication of Plaintiff-employee's DS-160 immigrant visa application is causing Plaintiffs substantial harm. Plaintiff-employee has been absent from work in the U.S. and has been forced to remain in Pakistan and the United Kingdom, **for over sixteen (16) months now**. Plaintiff-employee is at risk of losing both his employment and his H-1B sponsorship. Plaintiffs face ongoing and substantial injuries economically, professionally, financially, and emotionally.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

1. Declare that Defendants' delays in adjudicating Plaintiff-employee's DS-160 H-1B application are unreasonable and in violation of the APA and the INA;
2. Compel Defendants Acting Attorney General Todd Blanche, Secretary Marco Rubio, and Charge d'Affaires Natalie A. Baker, to complete the background checks for, and processing of, Plaintiff-employee's H-1B nonimmigrant visa application;
3. Compel Defendants to complete all necessary steps and adjudicate Plaintiff-employee's DS-160 visa application within twenty-one (21) days of an Order of this Court;
4. Grant such other relief as this Court deems proper under the circumstances; and
5. Grant attorney's fees, expenses and costs of court to Plaintiff-employee, pursuant to the EAJA.

Respectfully submitted on this 3rd day of August, 2026.

*/s/ Anthony Drago, Jr.*
Anthony Drago, Jr.
Mass. Bar # 552437
Anthony Drago Jr., P.C.
88 Broad Street, 5th Floor
Boston, MA 02110
Tel: (617) 357-0400
Fax: (617) 357-8353
Email: Anthony@adragopc.com

*/s/ Brian Scott Green*
*Brian Scott Green
Colorado Bar # 56087
Law Office of Brian Green PLLC
8700 E Jefferson Avenue, # 370021
Denver, CO 80237
Tel: (443) 799-4225
BrianGreen@greenUSimmigration.com
*Motion for admission pro hac vice forthcoming

Attorneys for Plaintiffs